EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Segundo, en causa por acometimiento y agresión
grave.

No. 1902.—Resuelto en mayo 22, 1922.

LEY No. 41 DE 1921—CORTES DE DISTRITO DE SAN JUAN—JURISDICCIÓN—DELI-
TOS.—Atendida la interpretación que se ha dado a la Ley 41 de 1921, el
hecho de que la Corte de Distrito de San Juan, Distrito Segundo, tenga su
capitalidad en San Juan, o sea, fuera del territorio especial que le asignó
la ley, no la priva de jurisdicción para conocer de las causas seguidas por
delitos cometidos dentro de dicho territorio especial.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Dones Padró.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Tomás Rivera fué denunciado en la Corte Municipal de
Río Piedras como autor de un delito de acometimiento y
agresión grave y fué condenado. No conforme, apeló para
ante la Corte de Distrito de San Juan, Segundo Distrito.
Radicada la apelación se fijó el día 16 de noviembre último
para la celebración del juicio *de novo* y en dicho día el acu-
sado apelante, basándose en la Ley No. 41 de 1921, presentó
una moción alegando que hallándose constituída la corte en
la ciudad de San Juan, lo estaba indebidamente y carecía
de jurisdicción para juzgarlo. Río Piedras, sitio en que se
cometió el delito, fué asignado a la Corte de Distrito de San
Juan, Segundo Distrito, pero San Juan, sitio en que estaba
constituida la corte, se asignó a la Corte de Distrito de San
Juan, Primer Distrito. La corte desestimó la moción, y ce-
lebrado el juicio, declaró culpable al acusado y lo condenó
a sufrir un año de prisión.

Apeló entonces Rivera para ante este tribunal y en el acto
de la vista del recurso manifestó que la única cuestión fun-

damental envuelta en el mismo era la del asiento de la corte que lo juzgara.

¿Puede o no constituirse en San Juan la Corte de Distrito de San Juan, Segundo Distrito? A nuestro juicio puede.

En la opinión emitida para fundar las sentencias dictadas en el día de hoy en los casos de *certiorari* Nos. 349 y 350, hemos expuesto nuestro criterio en relación con la interpretación que debe darse a la ley No. 41 de 1921. En dichos casos se trata del traslado de asuntos de naturaleza civil. Aquí del derecho que invoca un acusado en una causa criminal a ser juzgado dentro del distrito en que se cometió el delito.

La enmienda sexta a la Constitución de los Estados Unidos prescribe que "en todos los procesos criminales el acusado tendrá derecho a un juicio rápido y público por un jurado imparcial del Estado y distrito donde el delito haya sido cometido."

Nuestra Acta Orgánica garantiza el derecho del acusado a un juicio rápido y público, pero nada expresamente dice en cuanto al distrito.

Es el artículo 8 de nuestro Código de Enjuiciamiento Criminal el que dice que:

"La jurisdicción correspondiente a los delitos, radica en la corte del distrito del respectivo distrito judicial dentro del cual se cometieron."

La enmienda sexta no está vigente en Puerto Rico y si lo estuviera se aplicaría a casos federales. La Ley Orgánica nada expresamente dispone. Siendo ello así, tal vez la legislatura hubiera tenido plenos poderes para fijar el asiento o capitalidad de la corte de distrito del segundo distrito fuera de los límites geográficos del mismo, aún cuando se hubiera suprimido el distrito antiguo y en su lugar se hubieran creado dos nuevos. Pero ese no es el caso. Hemos interpretado la ley en el sentido de que no obstante las dos nuevas cortes independientes creadas, se dejó subsistente el primitivo distrito judicial, y por tanto nada hay en la ley que se oponga

a la enmienda al acta orgánica dando a la palabra *público* usada en ella la mayor extensión posible, ni al Código de Enjuiciamiento Criminal. El apelante fué juzgado por la corte de distrito competente y dentro del distrito judicial en que se cometió el delito. Para un estudio del poder de la Legislatura, véanse el caso de *Barret* v. *United States,* 169 U. S. 218 y las notas que aparecen en 7 L. R. A. (n. s.) 669 y 1918—F.-L. R. A. 965.

Además deseamos consignar que a nuestro juicio no hay temor alguno que sufra por el hecho de estar situada en San Juan la capitalidad de ambas cortes, la idea de vecindad familiar a la Ley Criminal. Nunca se fijó en pueblo alguno de los asignados al segundo distrito el asiento de una corte de distrito durante la actual soberanía o el de un juzgado de primera instancia e instrucción durante el antiguo régimen. La tradición señala a San Juan como el asiento de la corte. Solo existe entre San Juan y los pueblos del segundo distrito una distancia que se recorre en pocas horas.

Por virtud de todo lo expuesto opinamos que la Corte de Distrito de San Juan, Segundo Distrito, asentada en la ciudad de San Juan, juzgó y condenó con jurisdicción al apelante y en su consecuencia que debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Hutchison firmó "Conforme con la sentencia."

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF.

Disiento por las razones indicadas en mi opinión en el caso *Ex parte Tomás Rivera,* No. 77, y según también se indicó en el caso de *Toro y Lippitt* v. *Rodríguez Serra, Juez Corte de Distrito,* No. 349, de mayo 22, 1922.